**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-2040**

---

SANDOR KATONA,

Petitioner - Appellant,

versus

MAGDOLNA MARIANN KOVACS,

Respondent - Appellee.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (CA-04-83-5-2BO)

---

Submitted: May 31, 2005                    Decided: August 31, 2005

---

Before WILKINSON, NIEMEYER, and WILLIAMS, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

Stephen John Cullen, MILES & STOCKBRIDGE, PC, Towson, Maryland, for Petitioner. Magdolna Mariann Kovacs, Appellee Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sandor Katona appeals from the judgment of the district court denying his petition for return of children pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("the Convention"), Oct. 25, 1980, T.A.A.S. No. 11670, 1343 U.N.T.S. 89, reprinted in 51 Fed. Reg. 10494 (Mar. 26, 1986), and its implementing legislation, the International Child Abduction Remedies Act, 42 U.S.C.A. §§ 11601-11611 (West 1995 & Supp. 2005). Because the record before this court fails to adequately demonstrate whether Katona established a wrongful removal or whether his former wife, Magdolna Kovacs, has an adequate defense to the petition, we vacate the judgment and remand for further proceedings.

A petitioner who claims a child has been wrongfully removed may bring a petition for an order of return in any federal district court or state court. 42 U.S.C. § 11603(a), (b) (2000). In reviewing such a petition under the Convention, the court's inquiry is limited only to the merits of the abduction claim; the merits of the underlying custody dispute are not considered. Miller v. Miller, 240 F.3d 392, 398 (4th Cir. 2001). This court reviews the district court's findings of fact for clear error and legal conclusions, whether domestic, foreign, or international, de novo. Id. at 399.

To prevail on a petition for return of a child in a child abduction case under the Convention, a petitioner must establish by a preponderance of the evidence that: (1) the child was "habitually resident" in the country from which he or she was taken at the time of the removal; (2) the removal was in violation of the petitioner's custody rights under the law of the country where the child was "habitually resident;" and (3) the petitioner had been exercising those rights at the time of removal. Id. at 398 (citing Hague Convention, art. 3). Once a petitioner establishes these criteria, the child must be returned unless the respondent can show by clear and convincing evidence that: (1) returning the child would expose him to grave risk of physical or psychological harm or place him in an intolerable situation; (2) return of the child would be barred by fundamental American principles concerning the protection of human rights and fundamental freedoms; (3) the action was not commenced within a year of the abduction and the child is now well-settled in the new location; or (4) the petitioner was not exercising custody rights at the time of the removal or had agreed to the removal. Id. at 398-99 (citing Hague Convention, arts. 12, 13a, 13b, 20).

It is undisputed that the parties' minor children were habitual residents of Hungary. Documentation presented to the district court by Kovacs demonstrated that Katona was entitled to visitation with the children on a regular basis. Kovacs also

conceded that Katona was exercising his right of visitation at the time of the removal. However, the Convention distinguishes custody from rights of access or visitation. Article 5 of the Convention defines rights of custody to "include rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence." In contrast, "'rights of access' . . . include the right to take a child for a limited period of time to a place other than the child's habitual residence." While the remedy for violating rights of custody requires the child's return to the country of habitual residence, the remedies for violating rights of access are less drastic, such as "ordering that the custodial parent who removed the child from the child's habitual residence reimburse the other parent for expenses incurred in exercising his or her rights of access." Whallon v. Lynn, 230 F.3d 450, 455 n.3 (1st Cir. 2000) (citing Hague Convention, art. 26). The record before us is unclear with regard to whether Katona has a right of custody or a right of access. Accordingly, we vacate the judgment of the district court and remand for further proceedings to determine the nature of Katona's custodial rights in the context of the Convention.

Should the district court determine Katona to have rights of custody, the record should be further developed with regard to whether Kovacs can prevail on a defense that returning the children would expose them to grave risk of physical or psychological harm

or place them in an intolerable situation. The court should not rely on testimony that is clearly part of the underlying custody dispute and not properly considered in the context of Katona's petition. See Miller, 240 F.3d at 398.

Should the court determine from the evidence that Katona has only a right of access, it should craft a remedy within the context of the Convention to ensure Katona can exercise that right. See Whallow, 230 F.3d at 455 n.3.

Finally, we have found nothing to support the district court's application of the doctrine of equitable estoppel to the Convention. See, e.g., Holder v. Holder, 305 F.3d 854, 871-72 (9th Cir. 2002) (rejecting equitable estoppel defense). While a number of courts have extended the one-year limitation period in situations where the abducting parent succeeded in concealing the location of the child beyond the one-year limit, see, e.g., Bocquet v. Ouzid, 225 F. Supp. 2d 1337, 1348-49 (S.D. Fla. 2002) (extending limitations period), we have found no cases that reduce the time frame in which a parent must act under the Convention. Indeed, to do so appears to directly conflict with the intent of the Convention's drafters who adopted a one-year limitation. Accordingly, the district court shall not apply equitable estoppel on remand.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>
